UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
Cindy L. Muller

                Plaintiff,

  -against-


Commissioner of Social Security


                Defendant.
------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 19-cv-0875-FB

*Appearances*:
*For the Plaintiff*:
LEWIS BART INSLER
Law Office of Lewis B. Insler
17 Newcomb Pl.
White Plains, NY 10606

*For the Defendant*:
RICHARD P. DONOGHUE
By: Sean P. Greene
United States Attorney's Office
271 Cadman Plaza
7th Floor
Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

      The Social Security Administration ("SSA") awarded Plaintiff Cindy L. Muller ("Muller") $34,974.00[1] in past due benefits. Muller's counsel, Lewis Bart Insler ("Insler"), also obtained $6,670.85 in attorney's fees under the Equal Access to Justice Act ("EAJA"). Pursuant to a fee agreement, Muller now seeks the full

---

[1] This sum represents the benefits awarded after subtracting the $5,000.00 in fees sought by Stephen Jackel, the attorney who represented Muller at the administrative level. *See* ECF 19-1 at 2.

1

amount of attorney's fees withheld by the SSA, totaling $8,743.50. *See* ECF No. 19-3. For the reasons below, Insler's fee request is granted.

Title 42, United States Code, Section 406(b) entitles prevailing plaintiffs in Social Security actions to "reasonable [attorney's] fee[s] [that are] not in excess of 25 percent of the total past-due benefits to which the plaintiff is entitled." The Supreme Court has held that 42 U.S.C. § 406(b)'s "reasonable fee" provision does not prohibit the use of contingency fee agreements, so long as they do not provide for a fee "in excess of 25 percent of the total past due benefits" and are "reasonable." *See Gisbrecht v. Barnhart*, 535 U.S. 789, 808-09 (2002) (prescribing reasonableness review of contingency fee agreements). Courts in the Second Circuit weigh three factors when assessing the reasonableness of a fee agreement: (1) whether the proposed fee is below the 25% statutory maximum; (2) whether the contingency fee agreement is the product of fraud or attorney overreach; and (3) whether the requested amount is so large as to be a windfall to the attorney. *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990).

Here, Insler requests 25% of the total past-due benefits Muller was awarded, and there is no allegation of fraud. Thus, the only remaining question is whether a *de facto* hourly rate of $255.21 for 34.26 hours of work would constitute a "windfall" to Insler. It would not. The hourly rate of $255.21 for attorney work is well within the range that this Court has found to be reasonable in Social Security

cases and therefore is not a windfall. *See Patruno v. Berryhill*, 2021 WL 1091900, at *1 (E.D.N.Y. March 22, 2021).

## CONCLUSION

Muller's motion is **GRANTED**. The Commissioner of the SSA is **ORDERED** to disburse $8,743.50 to Insler and the remainder to Muller pursuant to 42 U.S.C. § 406(b). Upon receipt of these funds, Insler is **DIRECTED** to return the $6,670.85 awarded under the EAJA to Muller.

**SO ORDERED.**

      /S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
November 2, 2021